UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
Plaintiff,

vs

Case No. 02-335L

GUILLERMO MALDONADO,
Defendant.

MOTION FOR RELIEF FROM JUDGMENT DENYING PETITIONER'S INITIAL §2255 UNDER RULE 60(b)(4)(5)(6), IN LIGHT OF GONZALEZ v. CROSBY

NOW COMES, the petitioner, Guillermo Maldonado, pursuant to Rule 60(b)(4)(5)(6), and in light of Gonzalez v. Crosby, 543 U.S. ___, (6/23/05), and respectfully asks this court to vacate its order denying his §2255 and consider the merit of the claims.

STATEMENT OF FACTS

On July 22, 2002, petitioner filed a motion under §2255 and raised the following claims:

(a) Illegal resentence in violation of the Fifth Amendment

Because Maldonado was indicted for distribution of cocaine (cocaine powder) (§841(b)(1)(A)(ii), the judge should not have relied upon cocaine base (crack) (§841(b)(1)(A)(iii) to sentence him. Nor should have exposed Maldonado to such sentence since he was not charged for 50 grams or more of a substance containing cocaine base. Thus, Maldonado is actually innocent to the imposed sentence.

(b) Illegal resentence in violation of the Fifth Amendment

Because Maldonado was not charged with conspiracy but two independent distribution counts of different substances: cocaine and heroin. Nonetheless, he was sentenced upon weight resulting from adding heroin and an unindicted substance (cocaine base) weight on e/o of the two counts of the indictment without regard that count 1 refers to cocaine cocaine base was not charged and count 2 charged heroin heroin.

(c) Illegal resentence in violation of the Fifth Amendment

In light of count 2 charged possession with intent to distribute heroin it does not charge cocaine base, count 2 should have been penalized only for heroin running concurrent to count 1 sentence. Which should have been made upon an amount of cocaine (cocaine powder).

(d) Illegal resentence in violation of the Fifth Amendment

Since on count 2 Maldonado was not charged for 100 grams or more of mixture containing heroin, he should have been penalized for less than 100 grams of heroin, that is, level 24.

On October 1, 2002, the government filed its opposition and argued that (a) petitioner's §2255 motion should be construed as a second or successive §2255 thus the district court lack jurisdiction requiring authorization from this court; **Exhibit D, pg. 5,** and that counsel was not ineffective. The governmrnt did not oppose the remaining claims.

In October 2002, petitioner was on transit to FCI Fort Dix, New Jersey. Petitioner did not arrive at the aforementioned Institution until January 17, 2003. Subsequent to his arrival at the Institution, petitioner received from the prison authorities a mail from the district court post dated November 8, 2002. **Exhibit E.** It was at that time that petitioner discovered that his §2255 has been denied over 60 days from the date to file a Notice of Appeal. In addition, a review of the order disclosed that the district court denied the motion based on the government's response. However, since petitioner never received a copy of the governemnt's response, he was unaware of the substance of the governemt's oppostition.

On January 22, 2003, petitioner addressed a letter to the district court and requested for a copy of the government's response. **Exhibit F.** Petitioner further asked the district court

to vacate its order denying the §2255 and reissue the order to enable petitioner to preserve his appeals right. **Exhibit G.**

On January 28, 2003, petitioner received a copy of the government's opposition. And on February 12, 2003, the district court denied petitioner's motion and refused to reissue the order. **Exhibit H.**

Petitioner, subsequently filed a §2255 seeking to be resentenced based on the vacation of his State court prior convictions. The government argued that the motion is successive a §2255.

On October 23, 2003, this court denied the motion. A COA was also denied. All petitioner's efforts to have the claims decided has been frustrated by the government's invocation of successive.

## ARGUMENT

### IN LIGHT OF GONZALEZ v. CROSBY, THE COURT SHOULD VACATE ITS ORDER DENYING PETITIONER'S §2255 ON PROCEDURAL GROUNDS AND CONSIDER THE CLAIMS

Petitioner never received an adjudication on his §2255 because the government argued that the motion is successive. However, petitioner's motion was not a successive. Petitioner's initial §2255 was used to reinstate his direct appeal. The Ninth Circuit in Johnson v. United States, 369 F.3d. 472, __ (9th Cir.2004) addressed a similar issue, and concluded:

> The critical point is that Johnson's first petition was filed only to rescue his right of appeal. It was not a true collateral attack on his original sentence. This petition is. We therefore conclude that the district court correctly held that this petition should not be dismissed as a successive petition and correctly ruled on the merits of the challenges. We hold that a successful §2255 petition, utilized as a device to obtain an out-of-time appeal, does not render a subsequent collateral challenge "second" or "successive" under AEDPA.

* * *

> In so holding, we join the majority of circuits that have considered the issue. See, In re Olabode, 325 F.3d. 166 (3d Cir.2003); McIver v. United States, 307 F.3d. 1327 (11th Cir.2002); In re Goddard, 170 F.3d. 435, 438 (4th Cir.1999); Shepeck v. United States, 150 F.3d. 800 (7th Cir.1998) (per curiam); United States v. Scott, 124 F. 3d. 1328 (10th Cir.1997) (per curiam). As the Eleventh Circuit recently pointed out: "[w]hen a defendant losses the opportunity to appeal due to constitutionally defective counsel, the point of the §2255 remedy is to 'put [the defendant] back in the position he would have been in had his lawyer filed a timely notice of appeal.' McIver, 307 F.3d. at 1331 (quoting In re Goddard, 170 F. 3d. at 437). The most recent circuit to so hold was the Third Circuit in In re Olabode. It outlined the opinions of all circuits considering the issue and decided that while the minority position, requiring petitioners to bring all claims initially and viewing subsequent petitions as barred by res judicata was not an unreasonable position, it was not a persuasive one. In re Olabode, 325 F.3d. at 172.
>
> * * *
>
> The district court in this case properly recognized that this 2255 petition was the functional equivalent of a first 2255 petition and correctly held that it was not a second successive petition.

**362 F.3d. at 638-9.**

Such was the issue in the present case. As explained above, petitioner's 2255 was simply a motion first used to reinstate petitioners's direct appeal. Thus, petitioner's second 2255 was actually his first and thus should not have been denied as successive 2255.

In Gonzalez v. Crosby, the Supreme Court held that a Rule 60(b) can be used to challenge a district court's order denying a habeas corpus as long as the 60(b) is not challenging the ruling on the merit.

The Supreme Court concluded that such motion cannot be characterized as a successive and thus, can be considered by the district court. Gonzalez v. Crosby, Id. ________.

In the present case, consistent with Gonzalez, as explained above, petitioner is basically challenging the court's order denying his 2255 as successive. The ruling was not on the merit. Thus, in light of Gonzalez, petitioner is entitled to have his 2255 adjudicated. Petitioner should not continued to be punished for having violated no procedural rules.

CONCLUSION

WHEREFORE, for the foregoing reasons, petitioner prays that the court vacate its order denying his 2255 and address the merit.

DATED: July 11, 2005

Respectfully submitted

s/Guillermo Maldonado
Guillermo Maldonado
Reg#
P.O. BOX 2000/5752
FORT DIX, NJ 08640

PROOF OF SERVICE

I, the undersigned, do hereby certify that on this, the 11th day of July 2005, I mailed a copy of this filing to:

Donald D. Lockhart, AUSA
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

s/Guillermo Maldonado
Guillermo Maldonado

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GUILLERMO MALDONADO | ) | |
| | ) | |
| vs. | ) | C.A. No. 02-335L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its Attorneys, Margaret E. Curran, United States Attorney, and Kenneth P. Madden, Assistant U. S. Attorney, and objects to the Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 for those reason stated in the accompanying memorandum.

Respectfully submitted,

MARGARET E. CURRAN
United States Attorney

Kenneth P. Madden

Kenneth P. Madden
Assistant U.S. Attorney

EXHIBIT D

3

had not perfected a timely appeal. The petition was granted, new counsel was appointed, and a timely appeal was filed. The First Circuit denied the appeal. The defendant then filed a second § 2255 petition alleging that his original lawyer rendered ineffective assistance at trial. The District Court dismissed the petition for lack of prior approval by the Court of Appeals. The First Circuit noted that certain courts had determined a "numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits." Id. at 60. However, the Court recognized that "a prisoner who had both the incentive and the ability to raise a particular claim in his first petition for post-conviction relief, but declined to assert it, cannot raise it the second time around." Id. at 62. The Court held the defendant's second petition was properly dismissed.

Maldonado's circumstances are no different from those of Pratt. The issues now raised by Maldonado existed at the time he filed the first § 2255 petition. He could have included these issues in the first petition, but elected not to do so. He fails to explain why. He neither claims newly discovered evidence nor a new rule of constitutional law. Maldonado's second petition fails.

B. Ineffective Assistance

The two-part test for evaluating ineffective assistance of counsel claims was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-688 (1984). A defendant must show both: 1) that his attorney's performance fell below an objective standard of reasonableness; and 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; Mathews v. Rakiey, 54 F.3d 908, 916 (1st Cir. 1995); Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994); United States v. Caggiano, 899 F.2d 99, 101 (1st Cir. 1990). The defendant's burden is by the preponderance of the evidence.

With regard to the first element, "[c]ounsel's judgment is subject to highly deferential review," United States v. Gomes, 177 F.3d 76, 83 (1st Cir. 1999) and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The defendant must establish that counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir. 1994). The Court should indulge a "'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" Singleton, 26 F.3d at 238 (quoting Strickland, 466 U.S. at 689); See also Scarpa, 38 F.3d at 8.

Prejudice exists when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Gonzalez-Soberal v. United States, 244 F.3d 273 (1st Cir. 2001). "[T]here is prejudice only if defendant establishes that he would probably have been acquitted absent counsel's mistakes." Gomes, 177 F.3d at 83. Moreover, even if a defendant is able to show that counsel's error affected the outcome of his case, he is not necessarily entitled to reversal. The Supreme Court has made clear that a prejudice analysis "focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). A court should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." Id. at 369-70. Rather, reversal is warranted only if a court also concludes that the result of the trial was "fundamentally unfair or unreliable." Id. at 369; accord Tejeda v. DuBois, 142 F.3d 18, 22 (1st Cir. 1998); Carey v. United States, 50 F.3d 1097, 1101 (1st Cir. 1995); Scarpa, 38 F.3d at 16; Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993).

Counsel need not jump through every conceivable hoop, nor engage in futile exercise, in order to be considered effective.

Singleton, 26 F.3d at 239; United States v. Cronic, 466 U.S. 648, 656 n. 19 (1984).

In the instant case, counsel's conduct was not unreasonable, nor was Maldonado prejudiced.

Under § 841(a)(1) of Title 21, anyone who knowingly or intentionally possesses with intent to distribute a controlled substance violates the law. The language is unchanged since 1997 when the indictment was returned. Count I of the indictment specified that the controlled substance involved in that count was cocaine. The indictment also recited the applicable statutory citation - 21 U.S.C. § 841(a)(1) & (b)(1)(A).

As noted above, Maldonado pled guilty to both counts of the indictment. A valid guilty plea waives all non-jurisdictional defects in an indictment. Valencia v. United States, 923 F.2d 917, 920 (1st Cir. 1991). The count of the indictment recited the correct statutory language and citation, including the penalty provision citation. There was no jurisdictional defect, and Maldonado does not challenge the validity of his guilty plea. Further, the First Circuit has recognized that "cocaine base falls within the statutory definition of cocaine." United States v. Manzueta, 167 F.3d 92, 93 (1st Cir. 1999). Also, through the discovery process, Maldonado was provided with a copy of the chemist report which identified the substance as cocaine base.

Finally, at the first sentencing hearing, an experienced police officer testified that the substance was crack cocaine.

Even assuming that counsel should have, at some point, made some form of Apprendi-type argument[1], the First Circuit has held that no constitutional error occurs where the defendant is sentenced within the default statutory maximum. United States v. Baltas, 236 F.3d 27, 41 (1st Cir. 2001). Maldonado's sentence of 210 months falls within the default statutory maximum of 20 years.

Counsel's performance was not unreasonable. Even if it were, Maldonado cannot show prejudice.

C. The Form Of The Petition

Rule 2 of the Rules Governing Section 2255 Proceedings For The United States District Courts requires that the motion "be signed under penalty of perjury by the petitioner." The copy of the petition provided to the government is unsigned. If the original on file with the Court is unsigned, the petition should be dismissed.

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

IV. CONCLUSION

Based upon the foregoing, the petition should be denied and dismissed.

Respectfully submitted,

MARGARET E. CURRAN
United States Attorney

Kenneth P. Madden

Kenneth P. Madden
Assistant U.S. Attorney

Renee Rider
Northeastern University School Of Law

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October 2002, I served a copy of the within Government's Memorandum In Support of Its Objection To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255, by postage prepaid mail to:

Guillermo Maldonado
Reg. No. 04428-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

[signature]

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October 2002, I served a copy of the within Government's Objection To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255, by postage prepaid mail to:

Guillermo Maldonado
Reg. No. 04428-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

[signature]