IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CA. No. 02-335L |
| | ) | |
| GUILLERMO MALDONADO | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION FOR RELIEF OF JUDGMENT DENYING PETITIONER'S INITIAL § 2255 PURSUANT TO RULE 60(b)(4)(5), FEDERAL RULE OF CIVIL PROCEDURE**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant U. S. Attorney, and objects to Petitioner's Motion For Relief Of Judgment Denying Petitioner's Initial § 2255 Pursuant To Rule 60(b)(4)(5), Federal Rule Of Civil Procedure for those reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

Kenneth P. Madden
Assistant U.S. Attorney
R.I. Bar # 1680

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August 2005, I served a copy of the within Government's Objection To Petitioner's Motion For Relief Of Judgment Denying Petitioner's Initial § 2255 Pursuant To Rule 60(b)(4)(5), Federal Rules Of Civil Procedure by postage prepaid mail to:

Guillermo Maldonado
Pro Se
Reg. # 04428-070
FCI Fort Dix (East)
P.O. Box 2000/5752
Fort Dix, NJ 08640

[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CA. No. 02-335L |
| | ) | |
| GUILLERMO MALDONADO | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S MOTION FOR RELIEF OF JUDGMENT DENYING PETITIONER'S INITIAL § 2255 PURSUANT TO RULE 60(b)(4)(5), FEDERAL RULE OF CIVIL PROCEDURE**

I. INTRODUCTION

The Petitioner, Guillermo Maldonado (Maldonado or Petitioner), files this motion, pursuant to Fed. R. Civ. P. 60(b), to vacate the Court's Order entered on November 8, 2002 denying his motion filed pursuant to 28 U.S.C. § 2255. Maldonado asks the Court to consider the merits of his claims raised in that petition. At his re-sentencing on August 8, 2001, Maldonado was sentenced to 210 months imprisonment. The instant motion is the fifth in a series of post-conviction attacks upon his sentence.

II. TRAVEL

Maldonado was indicted on May 28, 1997 for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) (Count I), and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(B) (Count II). See, Cr. No. 97-043L. He entered a plea of guilty on August 7, 1997. Two issues were

argued at the sentencing hearing held on March 30, 1998. Maldonado contested both the quantity of heroin and whether the cocaine was crack cocaine. The Court sentenced Maldonado to 210 months imprisonment and five years supervised release. Maldonado filed a notice of appeal.

The First Circuit dismissed Maldonado's appeal on July 15, 1998 for want of prosecution. See, No. 98-1416. The mandate issued on August 6, 1998. On or about March 22, 1999, Maldonado filed a pro-se motion for post-conviction relief pursuant to 28 U.S.C. § 2255. See, C.A. No. 99-153L. In this petition, he raised a single issue: ineffective assistance of counsel for his attorney's failure to prosecute his appeal. An evidentiary hearing was held on February 23, 2000. The Court granted the § 2255 petition. On March 20, 2000, the Court departed downward from the Sentencing Guidelines and re-sentenced Maldonado to 120 months imprisonment and five years supervised release.

Maldonado filed a notice of appeal on March 20, 2000. See, No. 00-1429. The government cross-appealed on April 10, 2000. See, No. 00-1513. Maldonado raised several issues, including whether the Court properly determined the nature and quantity of the controlled substances (crack cocaine and heroin) upon which his sentence was based, as well as a guidelines increase for obstruction of justice and a denial of an acceptance of responsibility decrease. The First Circuit rejected Maldonado's grounds for appeal without extensive discussion and remanded the case for re-sentencing on the downward departure issue. United States v. Maldonado, 242

F.3d 1 (1st Cir. 2001). The mandate issued on March 16, 2001. On August 8, 2001, a third sentencing hearing was held. The Court rejected Maldonado's request for a downward departure and re-sentenced him to 210 months imprisonment and five years supervised release.

Maldonado again appealed, raising as an issue the Court's denial of his downward departure motion. See, No. 01-2162. In an unpublished *per curiam* opinion, issued January 10, 2002, the First Circuit rejected Maldonado's downward departure claim and affirmed the sentence. The mandate issued on January 31, 2002. The Supreme Court denied a writ of certiorari on April 22, 2002.

Maldonado filed a second § 2255 petition on or about July 22, 2002, arguing the sentence imposed on August 8, 2001 violated the protections of the Fifth Amendment because his sentence was based upon heroin and cocaine base (crack) and not heroin and powder cocaine. See, C.A. No. 02-335L. On November 8, 2002, this motion was denied and dismissed for those reasons stated in the government's memorandum of law, parts III A and B. Maldonado did not appeal.

On June 18, 2003, Maldonado filed a motion with the Lowell District Court in Massachusetts to dismiss a default warrant. That court recalled the warrant on August 13, 2003. On August 28, 2003, Maldonado filed his third § 2255 petition, arguing that the dismissal of the default warrant should result in a new sentencing due to a lower criminal history category. See, C.A. No. 03-393L. This petition was denied on October 20, 2003 due to lack of jurisdiction for a successive petition and as being barred by the

statute of limitations. On December 12, 2003, this Court denied Maldonado's request for a certificate of appealability. Maldonado took an appeal and filed an application for a certificate of appealability. See, No. 03-2546. In his application, Maldonado argued that his latest § 2255 petition was not successive because his initial § 2255 petition was used to re-instate his direct appeal right. The Court of Appeals denied the application on October 27, 2004.

On or about July 29, 2004, Maldonado filed a motion for relief from judgment pursuant to F. R. Civ. P. 60(b)(4) & (5). See, Cr. No. 97-043L. Maldonado argued that his sentence was based upon crack cocaine rather than powder cocaine and that the Blakely v. Washington, 124 S.Ct. 2531 (2004), decision warranted a reversal. This Court denied his motion on September 16, 2004 reasoning that the motion was a successive § 2255 petition. A request for a certificate of appealability was denied by this Court on October 21, 2004. Maldonado took an appeal requesting a certificate of appealability. See, No. 04-2346. On February 1, 2005, the First Circuit denied the certificate noting that the District Court correctly considered the 60(b) motion as a successive § 2255 petition.

III. ARGUMENT

Maldonado now files the instant motion. He relies on the cases of Gonzalez v. Crosby, 125 S. Ct. 2641 (2005), and Johnson v. United States, 362 F.3d 636 (9th Cir. 2004).[1] In Johnson, the Ninth Circuit held that a successful § 2255 petition, used to obtain an

[1] The government believes that this is the correct citation, not the citation given in Maldonado's memorandum.

out-of-time appeal, does not render a subsequent § 2255 petition a successive or second petition. Gonzalez held that a F. R .Civ. P. 60(b)(6) motion in a 28 U.S.C. § 2254 case is not treated as a successive habeas petition as long as it does not assert or re-assert claims of error in the petitioner's state conviction. Id. at 2651. The Court did not extend this holding to § 2255 cases. Id. at 2646 n.3.

For those reasons which follow, dismissal of the instant motion is warranted.

First, the holding of Johnson is directly contrary to established First Circuit case law. See, Pratt v. United States, 129 F.3d 54, 60-63 (1st Cir. 1997). In Pratt, the First Circuit held that a defendant who uses a § 2255 petition to restore his right to appeal must raise all available claims in his first petition. If he waits and raises such claims in a subsequent petition, that petition will be treated as a second or successive petition. In the First Circuit, Pratt trumps Johnson.

Second, the First Circuit has already ruled that the first § 2255 petition filed by Maldonado to re-instate his direct appeal counts as his first petition. See the attached First Circuit Judgment issued on October 27, 2004 in Maldonado's appeal case number 03-2546. Maldonado should have sought review of this matter in the Supreme Court. He failed to do so. For Maldonado, it is the law of the case.

Third, Maldonado's instant motion is made too late. For grounds listed under Rule 60(b)(4), (5) or (6), the motion must be made within a reasonable time. The Court ruled on the second § 2255 petition (C.A. No. 02-335L) on November 8, 2002. Maldonado did not appeal this Court's judgment to the First Circuit. Maldonado

waited over two and one-half years to revisit the denial. Such a time lapse is not a reasonable one. Further, Maldonado cannot argue that he could not have filed the instant motion without the benefit of the Gonzalez decision. As noted above, the Gonzalez holding is limited to § 2254 cases. Also, as early as 2003, the First Circuit had adopted a position similar to that of Gonzalez. In Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003), a § 2254 case, the First Circuit stated :

> "[A] Rule 60(b) motion should be treated as a second or successive habeas petition if -- and only if -- the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction. In other cases -- cases in which the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured -- the motion may be adjudicated under the jurisprudence of Rule 60(b)."

Id. at 67. See also, Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003) (federal prisoner) (a Rule 60(b) motion which challenges the constitutionality of the underlying conviction should be treated as a second or successive petition under 28 U.S.C. § 2255).

Fourth, contrary to Maldonado's contention, in entering judgment for the United States on November 8, 2002 in C.A. No. 02-335L, this Court denied Maldonado's motion for those reasons stated in Sections III A and B of the government's memorandum in support of its objection. In subpart "A", the government argued that the petition was a second or successive petition. However, in subpart "B", the government addressed the merits of Maldonado's constitutional claims. Thus, even if there were to be some merit to Maldonado's argument that C.A. No. 02-335L was not a second or successive petition, but should be treated as a first petition, the Court ruled on the merits of the

claim. Maldonado's instant motion now becomes one addressing the constitutionality of the underlying conviction. The above First Circuit precedent establishes that a Rule 60(b) motion must be deemed a successive § 2255 petition under those circumstances. As such, under Local Rule 22.2 of the First Circuit Court of Appeals, a second or successive § 2255 petition filed in the District Court without authorization of the Court of Appeals should be transferred to the Court of Appeals or be dismissed by the District Court. See also, United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000). The decision whether to transfer or dismiss appears to be discretionary. Barrett, 178 F.3d at 41 n.1.

Because it is obvious that Maldonado fails to meet the § 2255 gatekeeping criteria, because the First Circuit has already held that Maldonado's petition to re-instate his appeal was his first § 2255 petition, and because this is Maldonado's fifth post-conviction relief petition, this Court, in the exercise of its discretion, should dismiss the petition.

CONCLUSION

For all of the reasons set forth above, this petition should be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

Kenneth P. Madden
Assistant U.S. Attorney
R.I. Bar # 1680

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August 2005, I served a copy of the within Government's Memorandum In Support Of Its Objection To Petitioner's Motion For Relief Of Judgment Denying Petitioner's Initial § 2255 Pursuant To Rule 60(b)(4)(5), Federal Rules Of Civil Procedure by postage prepaid mail to:

Guillermo Maldonado
Pro Se
Reg. # 04428-070
FCI Fort Dix (East)
P.O. Box 2000/5752
Fort Dix, NJ 08640

Paulette E. Gamache

# United States Court of Appeals
## For the First Circuit

---

No. 03-2546
DC No. 03-00393

RECEIVED
OCT 28 2004
U.S. ATTORNEY
DISTRICT OF R.I.

GUILLERMO MALDONADO,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

Before

Lynch, Lipez and Howard,
Circuit Judges.

---

JUDGMENT

Entered: October 27, 2004

The application for a certificate of appealability is denied and the appeal is terminated. Although petitioner's first § 2255 petition was used to reinstate his direct appeal, it nevertheless counted as a first petition. Pratt v. United States, 129 F.3d 54, 60-63 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998). And if this court overlooked any of petitioner's arguments on direct appeal, petitioner's remedy was to file a petition for rehearing. Consequently, the district court correctly concluded that petitioner's present § 2255 petition was successive and could not be pursued absent permission from the court of appeals. As petitioner does not now ask this court for leave to file a second or successive petition or explain how he could meet the standard set forth in 28 U.S.C. § 2255 ¶8, we do not consider the matter further.

The appeal is terminated.

By the Court:

Richard Cushing Donovan, Clerk.

By: MARGARET CARTER
Chief Deputy Clerk.

[CC: Guillermo Maldonado,
Kenneth P. Madden, AUSA
Donald Lockhart, AUSA ]