ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
Plaintiff, :

v. : CA. No. 02-335L

GUILLERMO MALDONADO, :
Defendant.

.........................X

**PETITIONER'S REPLY TO GOVERNMENT'S OBJECTION FOR RELIEF OF JUDGMENT PURSUANT TO RULE 60(b)**

COMES NOW, the Petitioner, Guillermo Maldonado, **propia persona in sui juris**, responds to the Government's objection for relief of judgment motion filed on the fifteenth day of AUGUST in the year two thousand five[1].

In the Government's Response, the Government contends Petitioner is exempt from relief because Petitioner "fails to meet the §2255 gatekeeping criteria"[2], however Petitioner's motion is filed under RULE 60(b)(4)(5)(6) in THE FED. RULES OF CIVIL PROC.. And because THE SUPREME COURT has held, as to provision (6), a motion

under RULE 60(b) permits reopening if Petitioner establishes "any...reason justifying relief from the operation of the judgment". See **KLAPPROTT v U.S** 335 U.S 601,613 (1949)(Opinion by JUSTICE BLACK), it is thus clear that RULE 60(b)'s purpose is to effectuate an exception to the finality of Petitioner's Sentence. As CIRCUIT JUDGE POSNER from THE SEVENTH CIRCUIT stated in **DUNLAP v LITSCHER** 301 F. 3d 873 (7th Cir. 2002):

> "RULE 60(b) has a broad scope and it is easy to imagine to file a motion under it would pose no risk of conflict with the limitations that AEDPA places on successive collateral attacks on STATE and FEDERAL judgments".

Inclusively, a court does retain discretion to reopen matters laid to rest in certain extroadinary circumstances, particularly when 1) controlling legal authority has changed dramatically; 2) significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; 3) a blatant error in the prior decision will, if uncorrected, result in a serious injustice; **U.S v BELL** 5 F. 3d 64,67(4th Cir. 1993).

---

1] Because Petitioner's legal mail is received through regular mail, (see copy signed by the Correctional Officer) the time for filing runs from the moment Petitioner is notified.

2] page 7 of Government's RResponse

As the Government notes in the motion to object for relief pursuant to RULE 60(b), the Governemnt's position is based on the following:

> "Second, THE FIRST CIRCUIT has already ruled that the first §2255 petition filed by Maldonando to re-instate his DIRECT APPEAL counts as his first petition. See attached FIRST CIRCUIT judgment issued on OCTOBER 27, 2004 in Maldonado's appeal case number 03-2546. Maldonado should have sought review of this matter in THE SUPREME COURT. He failed to do so. For Maldonado, it is **the law of the case.**"(emphasis added). page 5.

However, THE FIRST CIRCUIT has also ruled an exception to the law of the case doctrine; **U.S v RIVERA-MARTINEZ** 931 F. 2d 148,151(1st Cir. 1991): CIRCUIT JUDGE SELYA

> "We agree with THE FIFTH CIRCUIT that issues, once decided, should not be reopened 'unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the Law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice'".

Simply put, Maldonado is exercising the Right of being exempted from 1) the dramatic change in controlling sentencing Law 2) the erroneous calculation of the

Sentence imposed by utilizing a void warrant, and 3) the imposition of a sentence imposed by utilizing facts not admitted or incorporated in the penalty construction of the offence.

When noting the Case Law presented by the Government in all of the arguments presented by Petitioner in the disputed actions. If particularized one will note that for example; as to the inclusion of "crack" cocaine in determining and formulating Petitioner's Sentence, the Government cites **U.S v MANZUETA** 167 F. 3d 92 (1st Cir. 1999). In **MANZUETA** Appellant argues the fact of cocaine base being derived from cocaine, and thus permitting Appellant to be subject to the benefit of the lesser penalty under the RULE OF LENITY. What the Government failed to caption was the fact of Appellant having **admitted** to the possession of fifty-seven point nine grams of "crack" cocaine, thus subjecting Appellant to no relief. Yet in Maldonado's case, Petitioner is charged with cocaine and therefore never admits possessing "crack cocaine. Sentencing Hearing; MARCH 30, 1998 counsel St. Onge for Petitioner, pg. 78, ¶1-5:

> "but I would bring to
> your attention that
> the plea agreement does

> "say that he pleaded guilty to possession of cocaine, not to possession of crack. There's a world of difference".

In **JONES v U.S** 526 U.S 227 (1999) THE SUPREME COURT held: Id. 243, n.6:

> "under the DUE PROCESS CLAUSE of THE FIFTH AMENDMENT and the notice and Jury trial guarantees of THE SIXTH AMENDMENT, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an Indictment, submitted to a Jury, and proven beyond a reasonable doubt".

Because the Government construed an Indictment totally adverse to the facts utilized by the Sentencing Court to compute Petitioner's Sentence, the Government has prejudiced the Petitioner by delaying the identification of one or more elements of a crime until Sentencing. Prosecutors are to draft Indictments and develop evidence to meet the burden of proof, not unfairly surprise the Defendant, after a plea of guilty, and expose Defendant to a penalty range not formulated by the facts utilized at the plea hearing or in the Indictment.

Additionally, Petitioner's computation of the current Sentence is erroneous due to the fact of a warrant being outstanding during Petitioner's Sentencing Hearing. But because on the thirteenth day of AUGUST in the year two thousand three the STATE of MASSACHUSSETTS; LOWELL DISTRICT COURT, recalled the warrant since in fact it was established that Petitioner was acquitted and released of all charges, which did not permit Petitioner to attend Probation[3]. And because Petitioner was retained in another jurisdiction and consequently acquitted of the charges formulated against Petitioner, while on Probation, the penalty enhancement utilized by the Sentencing Court should be deemed as PLAIN ERROR, thus subjecting Petitioner to new sentence which properly reflects the facts which Petitioner is exposed to, in order to insure no "injustice" has occurred.

In analyzing the Government's point of view, during the Sentencing Hearing, AUSA Madden's solution is the following: Sentencing Hearing, MARCH 30, 1998 pg. 71 ¶16-25 and pg. 72 ¶1-11:

3] As the historical phrase reads: "you are innocent until proven guilty".

> "The first objection raised by the Defendant is whether or not he is properly characterized as a criminal history category 2, based upon the fact that there was a warrant outstanding at the time that the instant offense was committed. I think the Government has addressed that point in its response to the Defendant's objection. It's clear that the violation warrant was outstanding. The Defendant doesn't dispute that. He claims that there's nothing that he could have done because he was in FEDERAL custody, but it would certainly appear that the warrant was outstanding for a period of time prior to him coming into FEDERAL custody. So I would suggest to the Court that the Defendant had an opportunity to address that warrant. He failed to do so, and the fact that it is still outstanding at the time of his arrest on these charges that are before the Court, the blame for that can only be layed at the Defendant's feet. So I would suggest that the criminal history category 2 is an appropiate category."

In **GONZALEZ v CROSBY** 543 U.S ___ (2005) JUSTICE SCALIA details how RULE 60(b) "has an unquestionably valid role to play in HABEAS cases", being the rule is utilized to relieve the effect of a default judgment

mistakenly entered against a party, and the rule also preserves the opportunity to "obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction--a consideration just as valid in HABEAS cases as in any other, since absence of jurisdiction altogether deprives a FEDERAL Court of the power to adjudicate the rights of the parties". Whereby even if the AEDPA "gatekeeping criteria" is not met, AEDPA has a period of limitations and not a jurisdictional bar, and based on the arguments presented in Petitioner's RULE 60(b) action[s] said action[s] should stand with their own property as properly before the Honorable Court.

WHEREFORE, Petitioner prays that the foregoing arguments will be considered in light of the errors committed in the present sentence which prejudice Petitioner.

Guillermo Maldonado, propia persona

**OATH**

I, Guillermo Maldonado, under the penalties of perjury hereby attest that the foregoing Petitioner's Reply to Government's Objection for Relief of Judgment pursuant to Rule 60(b) motion is true and correct to the best of my knowledge, and that I am a lay-man in jurisprudence and have been assisted in fulfilling the present action.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT, the foregoing Petitioner's Reply to Government's Objection for Relief of Judgment pursuant to Rule 60(b) was forwarded to the U.S DISTRICT COURT, JOHN O. PASTORE Bldg., TWO EXCHANGE TERRACE, PROVIDENCE R.I 02903-2431, and a copy to THE U.S ATTORNEY'S OFFICE; AUSA Madden, 50 KENNEDY Plaza, 8th floor, PROVIDENCE, R.I 02903, on this 13 day of SEPTEMBER in the year two thousand five.

Guillermo Maldonado, **propia persona**
Reg.#04428-070
F.C.I FORT DIX
P.O Box 2000-UNIT 5752
FORT DIX, N.J 08640

Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Inmate Maldonado Reg# 04498-070 Received this packet on 9/7/05 By clc

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CA. No. 02-335L |
| | ) | |
| GUILLERMO MALDONADO | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION FOR RELIEF OF JUDGMENT DENYING PETITIONER'S INITIAL § 2255 PURSUANT TO RULE 60(b)(4)(5), FEDERAL RULE OF CIVIL PROCEDURE**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant U. S. Attorney, and objects to Petitioner's Motion For Relief Of Judgment Denying Petitioner's Initial § 2255 Pursuant To Rule 60(b)(4)(5), Federal Rule Of Civil Procedure for those reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

Kenneth P. Madden
Assistant U.S. Attorney
R.I. Bar # 1680